UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| Jason Daniel Osborne, | Case No. 21-71429-SCS |
| Debtor. | Chapter 11 |

## MOTION TO DISMISS CASE WITH BAR TO REFILING FOR 180 DAYS AND SUPPORTING MEMORANDUM

John P. Fitzgerald, III, the Acting United States Trustee for Region Four, by counsel, moves this Court to dismiss with prejudice, with a bar to refiling for 180 days. In support of his motion, the U.S. Trustee states:

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

2. The statutory predicates for relief are 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 105, 307, 349, 1112 and Rule 9014 of the Federal Rules of Bankruptcy Procedure.

3. On July 14, 2021, the debtor filed, *pro se*, a skeletal petition under Chapter 11, Title 11, U. S. Code. The debtor checked the box stating that he is a "small business debtor" and that he chooses to proceed under Subchapter V of Chapter 11. *See* Case 21-71429-SCS, Doc 1, filed 07/14/21, page 4 of 8.

4. The case is proceeding under and is governed by the provisions of subchapter V of chapter 11 of the Code and the Interim Federal Rules of Bankruptcy Procedure as adopted by this Court by Standing Order 20-2.

5. Paul A. Driscoll was appointed Subchapter V trustee.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq. VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

    6.       The debtor did not file the missing documents which were due by July 28, 2021:

> All Schedules and Statement of Financial Affairs;
>
> Summary of Your Assets and Liabilities and Certain Statistical Information;
>
> List of Equity Security Holders; and
>
> List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders (Official Form 104).[1]

    7.       On July 17, 2021, the Clerk sent the debtor a notice "that [the] document(s) [listed above] are missing and must be filed within fourteen (14) days of the petition date, [*i.e.* July 28, 2021]." The Notice of Possible Dismissal advises the following:

> If you fail to timely cure the deficiency or to timely seek an extension of time, you must file a response no later than August 19, 2021 and appear at a hearing to explain why the bankruptcy case should not be dismissed for failure to timely cure the deficiency and any other deficiency(ies) or certifications that accrue before the hearing.

Case 21-71429-SCS, Doc 18.

    8.       The debtor did not appear at the meeting of creditors held August 10, 2021.[2]

    9.       The debtor has a history of bankruptcy filings.

    10.     The debtor received chapter 7 discharges in two older cases.[3]

    11.     More recently, Osborne filed two chapter 13 cases in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk division. The debtor filed the first

---

[1] A hearing on these deficiencies is set for August 26, 2021 at 11:00 AM. Debtor's Response to the Notice of Possible Dismissal is due no later than August 19, 2021.

[2] The hearing on the Order Setting Hearing for failure to attend the meeting of creditors is scheduled for September 9, 2021 at 11:00 AM.

[3] Osborne filed a petition under chapter 7, Case Number 97-37321, in the United States Bankruptcy Court for the Western District of Washington (Tacoma) on September 15, 1997 and received a discharge on December 23, 1997. With his spouse, Kristin Colleen Fleming, he filed a chapter 7 petition, Case Number 12-73047, in the United States Bankruptcy Court for the Eastern District of Virginia on July 17, 2012 and received a discharge on October 29, 2012.

case, Case No. 19-72949, on August 6, 2019. The case was dismissed on October 9, 2019 after a hearing on an Order Setting Hearing issued because Osborne failed to cure filing deficiencies. The debtor did not attend the hearing.[4]

12.     In the first chapter 13, the debtor's Schedule A/B states that he owns the following:

41. Inventory
☐ No
☑ Yes. Describe.... Don Hume Leather Collection          $    3,500,000.00

Case 19-72949-FJS, Doc 23, filed 08/30/19, page 11 of 45.

13.     The debtor filed the second chapter 13 case *pro se,* Case No. 20-73249-FJS, on December 14, 2020.[5]  The case was dismissed on January 27, 2021 after a hearing set for the

---

[4] The Court granted the debtor's motion to extend time to file schedules, statements, and a plan. They were filed on August 30, 2020 by the extended deadline. But the debtor did not timely file a Declaration About an Individual Debtor's Schedules necessitating the hearing on the Order Setting Hearing for failure to comply with the Order on Motion to Extend Time to File Lists Schedules and/or Statements and the Order on Motion to Extend Time to File Chapter 13 Plan and Related Motions. The debtor filed a motion to dismiss the case, but the case was dismissed before the hearing on the motion to dismiss was held.

[5] Osborne did not file a Chapter 13 plan, lists, schedules, or statements (the "Required Documents") when he filed the voluntary petition. The Clerk issued a Notice of Possible Dismissal Pursuant to Local Bankruptcy Rule 1007-1 and Local Bankruptcy Rule 3015-2, dated December 15, 2020, advising the debtor that the Required Documents were due by December 28, 2020. On December 28, 2020, the Debtor filed a motion for extension of time requesting that the Court extend the deadline to file the Required Documents to January 11, 2021. The Court granted the Motion to Extend Time and extended the deadline to file the Chapter 13 Plan until January 11, 2021 and the deadline to file the lists, schedules, and statements to January 19, 2021. The Order Granting Motion to Extend Time also states that if the debtor fails to timely file the Required Documents or a motion for further extension of time, he must appear at a hearing on January 26, 2021, and explain why the Court should not dismiss the case for his failure to do so. On January 11, 2021, the debtor filed a second motion for extension of time, requesting that the Court extend the deadline to file the Required Documents to January 18, 2021. The Court found that good cause existed to grant the Second Motion to Extend Time and extended the deadline to file the Required Documents until January 19, 2021. The Court further ordered that if the debtor failed to file the Required Documents by January 19, 2021, he must

debtor's failure to file schedules, statements, lists, and a chapter 13 plan by the deadlines set in an order granting the debtor's second motion to extend deadlines. The debtor did not appear at the hearing.

14. In the present case, the debtor appears to continue the pattern of failing to fulfil his duties as a debtor which began with the first chapter 13 filing in August of 2019.

15. "Section 1112(b) governs conversion or dismissal of a chapter 11 case." *Andover Covered Bridge, LLC v. Harrington* (*In re Andover Covered Bridge, LLC*), 553 B.R. 162, 171 (B.A.P. 1st Cir. 2016). 11 U.S.C. § 1112 applies to small business Subchapter V cases. *See* 11 U.S.C. § 1181.

16. Section 1112(b)(4) of the Bankruptcy Code provides sixteen specific, but non-exclusive, examples of cause to dismiss or convert a chapter 11 case. *In re Wallace*, 2010 WL 378351 at 7 (Bankr. D. Idaho Jan. 26, 2010).

17. The First Circuit provides a summary of "cause" under section 1112:

> The initial burden is on the movant to prove there is cause for either conversion or dismissal of the chapter 11 case." *Andover Covered Bridge, LLC*, 553 B.R. at 171 (citation omitted). Although the Bankruptcy Code does not define "cause" as that term is used in § 1112(b), § 1112(b)(4) provides a "nonexclusive list of what constitutes cause." *In re Colón Martinez*, 472 B.R. 137, 144 (B.A.P. 1st Cir. 2012) (citation omitted) (internal quotations omitted). That list includes, *inter alia*: the "failure to comply with an order of the court" (§ 1112(b)(4)(E) ); the "unexcused failure to satisfy timely any filing or reporting requirement" (§ 1112(b)(4)(F) ); and the "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by [the Bankruptcy Code] or by order of the court" (§ 1112(b)(4)(J) ). One ground is sufficient to establish cause under the statute. *Id*. (citation omitted). Courts also dismiss or convert chapter 11 cases for "unreasonable delay by the debtor that is prejudicial to creditors." *See, e.g., In re Abijoe Realty Corp*., 943 F.2d 121, 128 (1st Cir. 1991) (citation omitted); *In re Camann*, No. 00-11090-JMD, 2001 WL 1757075, at *4 (Bankr. D.N.H. Mar. 19, 2001) (citation omitted). In addition, the court may convert or dismiss a case "for reasons that are not specifically enumerated in the section, provided that these reasons are sufficient to demonstrate the existence of cause." *In re Colón Martinez*, 472 B.R. at 144 (citation omitted) (internal quotations omitted).

---

appear at a hearing set for January 26, 2021, at 11:30 a.m. to explain why the bankruptcy case should not be dismissed. The debtor did not appear at the hearing; the case was dismissed.

*In re Francis*, 2019 WL 1265316, at 4 (B.A.P. 1st Cir. Mar. 14, 2019).

18. "Bankruptcy judges have wide discretion to determine whether cause exists to convert a case under section 1112(b)." *In re Emerald Grande, LLC*, 2018 WL 2703071, at 2 (Bankr. N.D.W. Va. June 4, 2018)(citations omitted).

19. The debtor's failure to timely file schedules, statements, and lists constitutes cause to dismiss or convert this case pursuant to § 1112(b)(4)(F): the "unexcused failure to satisfy timely any filing or reporting requirement." *See generally In re RainTree Healthcare of Forsyth LLC,* 2018 WL 770367, at 10 (Bankr. M.D.N.C. Feb. 7, 2018)("To reap the benefit of chapter 11, the debtor must pay the price of disclosure; [the debtor] needs to provide financial and other relevant information to the creditors to inform them and the Court about the progress and status of the case.")(citations omitted).

20. The debtor's failure to attend the meeting of creditors also provides cause to dismiss or convert this case pursuant to § 1112(b)(4)(G)("failure to attend the meeting of creditors convened under section 341(a) …without good cause shown by the debtor."). *In re Oakland Hills Land Dev., LLC*, 2010 WL 5553362, at 1 (Bankr. E.D. Mich. June 23, 2010) (court finding failure to attend meeting of creditors not only inexcusable but outrageous).

21. Under section 1112 (b)(1) and (2), if the movant establishes cause, the court shall dismiss or convert the case, or appoint a chapter 11 trustee, unless the court "finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate," and the debtor (or other party in interest) establishes that:

   (a) there is a reasonable likelihood that a plan will be confirmed within the time frames expressed in section 1121(e) and 1129(e) or, if such sections do not apply, within a reasonable time;

   (b) the grounds for converting or dismissing include an act or omission other than the cause set forth in section 1112(b)(4)(A); and

   (c) there is a reasonable justification for the act or omission which act or omission will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2)(A)(B).

22. Relief is mandatory unless the debtor meets his burden under section 1112(b)(2). *See generally In re Skeen, Goldman LLP*, 2007 WL 4556683, 3 (Bankr.D.Md. Dec 20, 2007). Once "cause" is established, the court's discretion is limited; it must grant some form of relief unless § 1112(b)(2) applies. *In re Korn*, 523 B.R. 453, 465 (Bankr. E.D. Pa. 2014).

23. The United States Bankruptcy Appellate Panel of the First Circuit summarized the debtor's burden noting that "[w]hen all of the elements of § 1112(b)(2) are parsed and aggregated, the § 1112(b)(2) defense to conversion or dismissal of a chapter 11 case requires a showing of six elements:"

   (1) unusual circumstances exist;
   (2) conversion or dismissal is not in the best interests of creditors and the estate;
   (3) there is a reasonable likelihood of confirmation of a plan within any time period mandated by the Code or, otherwise within a reasonable time;
   (4) the grounds for dismissal for cause do not include those set forth in § 1112(b)(4)(A);
   (5) there is a reasonable justification for the act or omission of the debtor; and
   (6) the act or omission may be cured within a reasonable period of time.

*L&R Dev. & Inv. Corp.*, 2020 WL 1862377 at 8 (B.A.P. 1st Cir. Apr. 13, 2020).

24.     The absence of only one element under the statute will deprive the debtor of chapter 11 protection. *Id*.

25.     As a debtor in possession, Osborne owes a fiduciary duty to both the estate and the court, including the duty to disclose all known material information. *See Tenn-Fla Partners v. First Union Nat. Bank of Fla.*, 229 B.R. 720, 734 (W.D. Tenn. 1999), *aff'd sub nom. In re Tenn-Fla Partners*, 226 F.3d 746 (6th Cir. 2000)(citations omitted).[6] It is unlikely that he can establish a reasonable justification for failing to file schedules, statements, and lists and for failing to attend the meeting of creditors.

26.     Subchapter V case is "a fast-tracked process aimed at giving the qualifying debtor a less expensive and accelerated path to reorganize its business affairs." *In re Online King LLC*, 2021 WL 1536415 (Bankr. E.D.N.Y. Jan. 19, 2021)(citations omitted).  To "balance the special new powers available to small business debtors, Congress granted creditors a very important protection: the requirement that a Subchapter V case proceed expeditiously." *Id*.

27.     Without schedules and statements, and the debtor's attendance at a meeting of creditors, the subchapter V process is stymied from the start. The debtor's apparent refusal to attend to the most basic duties of a subchapter V debtor compromises the entire process.

28.     After finding "cause," a bankruptcy court has broad discretion to determine what remedy is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1); *In re Francis*, 2019 WL 1265316, at 7 (B.A.P. 1st Cir. Mar. 14, 2019).

29.     When dismissing a chapter 11 case under §1112(b), the court may preclude the debtor from refiling for bankruptcy relief for a specified period. *See, e.g.*,

---

[6] The only burden it appears the debtor could meet is proof that the grounds for dismissal do not include those set forth in § 1112(b)(4)(A) at least on the incomplete record to date.

*Casse v. Key Bank Nat'l Ass'n* (*In re Casse*), 198 F.3d 327, 339-41 (2d Cir. 1999)(within the sound discretion of the bankruptcy court to find "cause" to preclude a debtor from filing another petition). *See also Jolly v. Great W. Bank* (*In re Jolly*), 143 B.R. 383, 385 (E.D.Va.1992) *aff'd, Jolly v. Great Western Bank*, 45 F.3d 426 (4th Cir. 1994)(so long as the dismissing court finds cause, a bankruptcy case may be dismissed with prejudice for 180 days, or more)(chapter 11 dismissed with prejudice); *and see In re Palsata Tr.*, 2021 WL 1605675, at 7 (Bankr. E.D. Va. Apr. 23, 2021)(Ch.7 dismissed with prejudice for two years)(last in a long line of serial filings made to frustrate the rights of creditors and abuse the bankruptcy system)(collecting cases). A debtor may be found to act in bad faith, and therefore, subject himself to dismissal with prejudice, when he causes delay that harms the estate, creditors and other parties in interest, or when he does not fulfill his duties as a debtor-in-possession. *See In re Phoenix Land Corp*, 164 B.R. 174, 176 (Bankr. S.D. Fla. 1993)(in determining whether to dismiss a case with prejudice, courts have considered any factor which evidences a debtor's intent to abuse the judicial process). The bankruptcy court has the inherent ability to sanction litigants for their wrongdoing and misconduct. C*hambers v. NASCO, Inc*., 501 U.S. 32 (1991); *In re Weiss,* 111 F. 3rd 1159, 1171 (4th Cir. 1997); *In re Varona*, 388 B.R. 705, 714 (Bankr. E.D. Va. 2008). 11 U.S.C. § 105(a) and 11 U.S.C. § 349 authorize the court to dismiss a case if necessary to prevent abuse of the bankruptcy process. *In re Tomlin*, 105 F.3d 933 (4th Cir. 1997).

30. The debtor does not appear to be proceeding in good faith. The debtor has not fulfilled his basic obligations as a debtor in possession. His failure to do so abuses the bankruptcy process. Under the circumstances of this case--coupled with the debtor's history of injecting delay into and abusing the bankruptcy process--dismissal with a bar to refiling for 180 days appears to be in the best interests of creditors of creditors and the estate.

WHEREFORE, the United States Trustee moves this Court to dismiss this case, with prejudice and bar the debtor, Jason Daniel Osborne, from filing any case, under any chapter of the United States Bankruptcy Code, in any jurisdiction of the United States, for a period of at least 180 days and grant further relief as the best interest of creditors and the estate dictate and order such other relief as is appropriate and just.

Respectfully submitted,

JOHN P. FITZGERALD, III
ACTING UNITED STATES TRUSTEE
REGION FOUR

By: /s/ Cecelia Ann Weschler
Kenneth N. Whitehurst, III
Assistant United States Trustee

Cecelia A. Weschler
Trial Attorney

**CERTIFICATE OF SERVICE**

I certify that on August 12, 2021, service on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.

On August 12, 2021, I mailed a copy of Motion to Dismiss with Bar to Refiling for 180 Days to the following, via regular United States mail, first class, postage prepaid:

Jason Daniel Osborne
2421 Bowland Parkway
Suite 106
Virginia Beach, VA 23454

/s/ Cecelia Ann Weschler